# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:14cv6

| | | |
|---|---|---|
| JAMES D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WESTERN CAROLINA UNIVERSITY, | ) | |
| THE UNIVERISITY OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Compel [# 24]. Plaintiff moves to compel Defendants to provide the information required by Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure and to provide complete answers to certain interrogatories. In response to the Motion to Compel, Defendants failed to offer any legal argument supported by citations to legal authority. Upon a review of the record and the relevant legal authority, the Court **GRANTS in part** and **DENIES as moot in part** the Motion to Compel [# 24].

## I. Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears

1

reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). An incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

**II.  Analysis**

A party responding to an interrogatory must either object or answer each interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). The grounds to any objection must be stated with specificity. Fed. R. Civ. P. 33(b)(4). "A mere statement by the responding party that an interrogatory or a document production request is 'overly broad, burdensome, oppressive, and irrelevant' does not suffice as a specific objection." Brown v. Blue Cross and Blue

Shield of Ala., Civil Action No. 3:13-CV-121-GCM, 2014 WL 3519100, at *5 (W.D.N.C. Jul. 15, 2014) (Mullen, J.) (internal quotation and citation omitted). Rule 33(d), however, provides an exception to Rule 33(b)(3)'s requirements in limited circumstances. Pursuant to Rule 33(d), a party may answer an interrogatory by referencing business records where an "answer to an interrogatory may be determined by examining . . . a party's business records . . . and if the burden of deriving . . . the answer will be substantially the same for either party . . . ." The responding party, however, must specify the business records to be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Fed. R. Civ. P. 33(d)(1). Here, Defendants have failed to answer Plaintiff's interrogatories fully.

As a threshold matter, the boilerplate objections set forth by Defendants are not sufficient state a specific objection under Rule 33(b)(4). See Anderson v. Caldwell Cnty. Sheriff's Office, No. 1:09cv423, 2011 WL 2414140, at *5 (W.D.N.C. Jun. 10, 2011) (Howell, Mag. J.). Moreover, the answers contained in Defendants' Response to Plaintiff's First Interrogatories and their Supplemental Response to Plaintiff's First Interrogatories fail to satisfy Rule 33's requirement to answer each interrogatory fully in writing. And Defendants have failed to set forth any legal authority demonstrating that they may rely on Rule 33(d) to answer Plaintiff's Interrogatories, much less that Defendants satisfied the requirements of

Rule 33(d). Defendants must do more than offer generic references to other documents to satisfy Rule 33(d). Anderson, 2011 WL 2413140, at *4; Brown, 2014 WL 3519100, at *6. Accordingly the Court **GRANTS** the Motion to Compel as to Interrogatories No. 3-10, 14-15, 17-19, 21-22, 25-26. The Court **DIRECTS** Defendants to answer each of these interrogatories fully in writing within ten (10) days of the entry of this Order. The Court also **GRANTS** the Motion to Compel as to Interrogatory No. 1 and **DIRECTS** Defendants to fully answer Interrogatory No. 1 and to supplement their Rule 26(a)(1)(A)(i) disclosures within ten (10) days of the entry of this Order.

As to Interrogatory No. 2, the Court **DENIES as moot** the Motion to Compel. Defendants had until November 1, 2014, to disclose any expert witness and provide Plaintiff with the required expert reports. (Order, Aug. 5, 2014.) If Defendants or Plaintiff failed to disclose their expert within the required time period, they will be excluded from calling any such expert witnesses at trial to testify. As such, either Defendants have previously provided the relevant information requested by Interrogatory No. 2, or no such information exists because Defendants will be excluded from calling an expert witness at trial.

To the extent that Defendants rely on the attorney client privilege or any other applicable privilege, the Court **DIRECTS** Defendants, to the extent that they have not already done so, to provide Plaintiff with a privilege log that complies

with the requirements of the Federal Rules within ten (10) days of the entry of this Order. See Fed. R. Civ. P. 26(b)(5)(A); Synovus Bank v. Karp, Civil Nos. 1:10-cv-172, et al., 2013 WL 3927604 (W.D.N.C. Jul. 29, 2013) (Howell, Mag. J.). The privilege log must list every responsive document that was withheld from production based on the assertion of the attorney-client privilege, the work product doctrine, or any other applicable privilege. The Court will deem Defendants to have waived the applicable privilege to any document not included on the privilege log.

     Finally, the Court **AWARDS** Plaintiff his reasonable expenses, including attorney's fees, in making the Motion to Compel. See Fed. R. Civ. P. 37(a)(5)(A). Defendants failed to demonstrate in response to the Motion to Compel that their failure to fully answer Plaintiff's interrogatories was substantially justified, and the Court finds no other circumstances that would make an award of expenses unjust in this case. The Court **DIRECTS** the parties to **CONFER** in an attempt to resolve the amount of reasonable expenses incurred by Plaintiff. If the parties are unable to resolve the amount of fees within ten (10) days of the entry of this Order, Plaintiff shall file an accounting of its expenses, including attorney's fees incurred as a result of the filing and presentation of the Motion to Compel, by February 24, 2015. Plaintiff should also submit affidavits setting forth the number of hours counsel reasonably expended filing the Motion to Compel, the hourly rate charged,

and the prevailing market rate in the relevant community. See Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243–244 (4th Cir.2009); Neves v. Neves, 637 F. Supp. 2d 322, 340 (W.D.N.C.2009) (Reidinger, J.); Fender v. Toys-R-US – Delaware, Inc., No. 1:13cv24, 2013 WL 3010718 (W.D.N.C. Jun. 18, 2013) (Howell, Mag. J.).

### III. Conclusion

The Court **GRANTS in part** and **DENIES as moot in part** the motion to Compel [# 24].

Signed: February 10, 2015

Dennis L. Howell
United States Magistrate Judge