**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14cv6**

| | | |
|---|---|---|
| JAMES D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WESTERN CAROLINA UNIVERSITY, | ) | |
| THE UNIVERISITY OF NORTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the Motion for Extension of Time [# 29] and Motion Rule 35 Mental Health Examination [# 30]. Plaintiff brought this action asserting claims pursuant to the American with Disabilities Act ("ADA"). Defendants now request an extension of the discovery period and a Rule 35 examination of Plaintiff. Upon a review of the record and the relevant legal authority, and after consultation with the District Court, the Court **DENIES** the motions [# 29 & # 30].

I.  **Background**

Pursuant to this Court's Pretrial Order, discovery closed March 1, 2015. (Order, Aug. 5, 2014.) Reports for retained experts under Rule 26(a)(2) were due from Plaintiff on October 1, 2014, and from Defendant by November 1, 2014.

1

Neither party, however, submitted any expert reports or disclosed any expert witness they intended to call at trial.

Two months prior to the close of discovery, Plaintiff filed a Motion to compel, which the Court granted in part and denied as moot in part on February 10, 2015. (Order, Feb. 10, 2015.) As the Court explained in its February 10, 2015, Order:

> As to Interrogatory No. 2, the Court **DENIES as moot** the Motion to Compel. Defendants had until November 1, 2014, to disclose any expert witness and provide Plaintiff with the required expert reports. (Order, Aug. 5, 2014.) If Defendants or Plaintiff failed to disclose their expert within the required time period, they will be excluded from calling any such expert witnesses at trial to testify. As such, either Defendants have previously provided the relevant information requested by Interrogatory No. 2, or no such information exists because Defendants will be excluded from calling an expert witness at trial.

(Order, Feb. 10, 2015, at p. 4.) Shortly thereafter, on February 20, 2015, Plaintiff served Defendant with a Rule 26(a)(2)(C) expert disclosure designating three individuals as experts who will provide expert testimony. The parties then engaged in a series of negotiations whereby they sought to schedule the depositions of Plaintiff's experts after the close of discovery and Defendant sought a Rule 35 examination of Plaintiff. Defendants now move the Court to allow for a Rule 35 examination and to extend the discovery period to allow for the examination.

**II.     Analysis**

As an initial matter, Defendants failed to comply with Local Rule 7.1(C) in filing their motion for a Rule 35 examination, and the motion is subject to denial on that ground alone. Moreover, the parties in this case had ample time to complete discovery during the discovery period set forth in the Court's Pretrial Order. Plaintiff had until October 1, 2014, to disclose any experts to Defendants and to provide either a written report that complies with Rule 26(a)(2)(B) or a disclosure pursuant to Rule 26(a)(2)(D). Plaintiff did neither, and waited until approximately eight days prior to the close of discovery to make his expert disclosures. The entire purpose of the Court's Pretrial Order is to prevent situations such as this where a party disclosures an expert at the close of the discovery period, which prohibits the opposing side from adequately examining the expert, obtaining their own expert, or seeking a Rule 35 examination of Plaintiff. Because neither side disclosed their experts during the time set forth by the Court's Pretrial Order, neither side may call an expert witness at trial. Plaintiff's former and current treatment providers may testify as fact witnesses, but they may not offer expert testimony.

In light of the fact that Plaintiff will have no expert testimony at trial, no Rule 35 examination is warranted in this case; Defendants have failed to demonstrate that a Rule 35 examination is required. Defendants knew from the beginning of these proceedings that whether Plaintiff was disabled under the ADA, whether Defendants could have reasonably accommodated Plaintiff, and whether Plaintiff

could perform the essential functions of his positions could be critical issues in these proceedings but failed to obtain an expert, failed to meet the Court's deadlines for disclosing experts, and failed to timely seek a Rule 35 examination in this Court. As a result of the failure of both sides to diligently pursue this case during the discovery period, both sides will have to try this case without the assistance of expert witnesses. Accordingly, the Court **DENIES** the motions [# 29 & # 30]. Discovery in this case is **CLOSED**. Dispositive motions are due by April 1, 2015.

### III. Conclusion

The Court **DENIES** the Motion for Extension of Time [# 29] and Motion Rule 35 Mental Health Examination [# 30].

Signed: March 9, 2015

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge